UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | :   Crim. No. 03-703 (JAG) |
| JOHN TODD, | :   **ORDER** |
| Defendant. | : |

**GREENAWAY, JR., U.S.C.J.**[*]

This matter comes before this Court on the Motions for Return of Property, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, (Docket Entry Nos. 44, 50, and 60) filed by John Todd ("Defendant"). On August 1, 2003, Drug Enforcement Administration ("DEA") agents executed search warrants at three locations– Petitioner's personal residence, 242 Grand Avenue, Rutherford, New Jersey, the USA Storage Facility in Secaucus, New Jersey, and the Art Midland Post Office in Hoboken, New Jersey. DEA agents seized property from these locations, including personal computers and various personal effects. Pursuant to a plea agreement, on May 25, 2005, Defendant pled guilty to distribution of more than 500 grams of cocaine and possession with intent to distribute quantities of pharmaceutical drugs, all in violation of 21 U.S.C. §§ 841(a), (b)(1)(B), and (b)(1)(C). Defendant was sentenced on March 1, 2006.

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of

---

[*] Sitting by designation on the District Court.

1

property or by the deprivation of property may move for the property's return." FED. R. CRIM. P. 41(g).  "Property seized by the government as part of a criminal investigation 'must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture.'" United States v. Albinson, 356 F. 3d 278, 280 (3d Cir. 2004) (quoting United States v. Chambers, 192 F. 3d 374, 376 (3d Cir. 1999)).  Following the conclusion of criminal proceedings, the burden is on the Government "to demonstrate that it has a legitimate reason to retain the seized property." Albinson, 356 F. 3d at 280 (citing Chambers, 192 F.3d at 377).

With respect to Defendant's four computers, the Government contends that it seized those items as instrumentalities of Defendant's crimes and held them as evidence in his criminal case. Because Defendant's appeal is no longer pending, any property seized by the Government as part of the criminal investigation must be returned to Defendant, unless it is contraband or subject to administrative forfeiture.  Albinson, 356 F. 3d at 280.  Therefore, if the Government has not done so already, it must return the computers, and all other items it has not specifically forfeited to Defendant.  Defendant has identified 152 items that he alleges would not otherwise be forfeited, and therefore the Government has no basis to hold them.  If these items are in the Government's possession, they must be turned over to Defendant.  Therefore,

IT IS on this 23rd day of March, 2010,

ORDERED that Defendant's Motions for Return of Property (Docket Entry Nos. 44, 50, and 60) are GRANTED; and it is further

ORDERED that the Government return all of Defendant's property in its possession; and it is further

ORDERED that within 21 days of the date of this order, the Government file an affidavit

stating it is not in possession of any items listed by Defendant that the Government does not return; and it is further

    ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of entry of this Order.

                                              S/Joseph A. Greenaway, Jr.
                                              JOSEPH A. GREENAWAY, JR., U.S.C.J.
                                              (Sitting by designation on the District Court)