# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| : | Criminal No. 03-703 (JAG) |
| v. : | |
| : | **ORDER** |
| JOHN TODD, : | |
| Defendant. : | |

**GREENAWAY, JR., U.S.C.J.**[1]

Pro se defendant John Todd ("Defendant"), moves this Court, pursuant to 18 U.S.C. § 3582(c)(2), to modify his sentence. Defendant argues that this Court should reduce his sentence for two reasons: (1) "to reflect the correct total amount" of cocaine seized from the Defendant and (2) "to reflect accurately [a]ll [u]nnoted (5K1.1) substantial assistance provided to the U.S. Government." (Defendant's Motion Requesting Modification 1.)

18 U.S.C. § 3582(c)(2) provides that:

> [I]n the case of a defendant *who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

---

[1] Sitting by designation on the District Court

On May 25, 2005, Defendant pleaded guilty to intent to distribute, and possession with intent to distribute, 2 kilograms of cocaine, in violation of 21 U.S.C. § 841. Defendant claims that the correct amount of cocaine involved is 1.15 kilograms, as indicated in his pre-sentencing report. Defendant seeks a modification based on his decision to plead guilty to 2 kilograms, instead of pleading guilty to 1.15 kilograms.

The Third Circuit has recently observed that "[t]o be entitled to a reduction of sentence, a defendant's sentencing range must have been lowered by recalculation based on the amended base offense level." Id. at 154; see U.S.S.G. § 1B1.10(a)(2)(B).

The Sentencing Commission has not lowered a sentencing range to account for defendants who have pleaded guilty to a higher quantity of drugs than indicated in the pre-sentencing report. Here, there is no amended base offense level to speak of. Defendant challenges the factual basis of his guilty plea. Section 3582(c)(2), therefore, does not apply.[2]

Defendant's second basis for requesting modification of his sentence fails for similar reasons. Defendant contends that certain aspects of Defendant's assistance to the Government was not incorporated in the Government's 5K1.1 motion. The Sentencing Commission also has not lowered any sentencing range based on supposed "unnoted" substantial assistance.

Moreover, even if section 3582(c)(2) applied, Defendant makes no showing that he preserved his objections on the record. During Defendant's sentencing hearing, this Court

---

[2] The Government notes that this Court sentenced Defendant as a career offender. Defendant is not eligible for a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2), because the United States Sentencing Commission has not lowered the sentencing range applicable to career offenders under U.S.S.G. § 4B1.1(b). United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009).

provided Defendant's counsel and Defendant the opportunity to be heard on the issue of substantial assistance. This Court granted the Government's 5K1.1 motion, crediting Defendant for his pre-sentencing assistance.[3]

This Court having reviewed the submissions of the parties, and good cause appearing,

IT IS on this 24th day of March, 2010,

ORDERED that Defendant's motion to reduce his sentence (Docket Entry No. 54) is DENIED;[4] and it is further

ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of entry of this Order.

S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.C.J.
(Sitting by designation on the District Court)

---

[3] Defendant explicitly relies on section 3582(c)(2) for relief. To the extent, however, that Defendant's motion may be understood to invoke Federal Rule of Criminal Procedure 35(a) (Correcting Clear Error) and (b) (Reducing a Sentence for Substantial Assistance), the result is the same. See Fed. R. Crim. P. 35(a) and (b). The modification of Defendant's sentence would be equally unwarranted under Rule 35.
  Defendant challenges the factual basis for his plea rather than request that this Court correct an "arithmetical, technical, or other clear error." See Fed. R. Crim. P. 35(a)  Under Rule 35(b), the motion for reduction must be made by the Government, and must pertain to assistance Defendant provided "after sentencing." See Fed. R. Crim. P. 35(b)  The facts do not indicate any such assistance.

[4] Defendant's supplemental submission, in support of his motion to reduce his sentence, is improperly listed on the docket as a separate motion.